**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **SUCKAFREE RECORDS INC.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No.  4:24-cv-02259** |
| | | |
| **EXOTIC POP OG, LLC** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## PLAINTIFF'S MEMORANDUM IN
## <u>SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Comes now plaintiff, Suckafree Records, and asks the court to grant motion for

summary for plaintiff in favor of plaintiff.

1

## **Table of Cases**

*Feist Publications, Inc. v. Rural Telephone Service*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991).

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 & n. 19 (1994)).

*Homer v. Homer*, No. Civ. A. 4:21-CV-02789, 2022 U.S. Dist. LEXIS 167398, 2022 WL 4290465 at *5 (S.D. Tex. 2022)

*Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 U.S. Dist. LEXIS 114940, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011).

*Jason D. W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998).

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

*La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995)

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Lindsey, 161 F.3d at 89

*Nasufi*, 2017 U.S. Dist. LEXIS 207825, 2017 WL 6497762, at *2.

*McGaughey v. 20th Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994)

*Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 U.S. App. LEXIS 12486, 2024 WL 2369415, at *1 (5th Cir. May 23, 2024).

*Nishimatsu Constr. Co.*, 515 F.2d at 1206

*Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995)

*Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014).

*Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

*Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)

*United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)

*Walker v. United States HUD*, 99 F.3d 761, 769 (5th Cir. 1996).

## *Table of Authorities*

Fed. R. Civ. Pro. 55(a)

17 U.S.C. § 504.

15 U.S.C. § 505

# Table of Contents

**1.0 Procedural History** …………………………………………. 5

**2.0 Statement of Facts** …………………………………………. 5

**3.0 Standard of Review** ……………………………… 7

**4.0 Summary of Issues** ………………………………. 7

**5.0 Arguments** ………………………………. 7

  **5.1 Suckafree default judgment is procedurally warranted**. 7

  **5.2 Suckafree pled substantively meritorious claims**. ….. 9

  **5.3 Damages** ………………………………… 11

**6.0 Conclusion** ………………………………… 12

## 1.0 PROCEDURAL HISTORY

1. On June 14, 2024, Plaintiff filed an original petition for relief against the Defendants for copyright infringement. [DE 1] On November 13, 2024, Defendant was served with process by the Court. The Plaintiffs an amended petition filed on December 10, 2024.   The Defendants have failed to file an answer.

2. The court entered Default on 8/8/2025. [DE 19]  The court denied plaintiff's initial motion for summary judgment because of procedural issues.  The court  entered a show cause order which required the plaintiff to respond by February 3, 2026 or the present case would be dismissed for want of prosecution. The plaintiff files this amended default judgment with evidence of the damages.

## 2.0 STATEMENT OF FACTS

3. Plaintiff was incorporated as Suckafree Records, Inc. in the State of Texas in 2000 and is the sole owner of the corporation, as shown by the Articles of Incorporation in Exhibit 1.

4. The Plaintiff produced, financed, and released the album titled The Leprechaun under the Suckafree Records, Inc. label. Plaintiff paid all project expenses, including artwork, sound recordings, mixing, and mastering.  The plaintiff has a distribution contract with SoSouth Distribution Company.  This contract was signed in 2008 and then renegotiated in 2019 to include digital media.  See Exhibit 2.

5. U.S. Copyright registrations for the artwork and lyrics for The Leprechaun are owned by Suckafree Records, Inc. and are attached as Exhibit 3.   Exhibit 3 provides a copy of the CD with the Suckafree Records Label at the top left corner.

6. Plaintiff has continuously maintained commercial distribution of The Leprechaun through SoSouth Music Distribution since the album's release in 2000, as shown by the distribution record exhibit 2.

7. Wesley Weston, professionally known as "Lil' Flip," performed on The Leprechaun under an artist agreement with Suckafree Records, Inc. dated January 10, 2002, but was engaged solely as an artist.  Pursuant to the contract Lil Flip performed on a work for hire which relinquished all of rights perpetually.  The Plaintiff has the right to use his likeness and name perpetually. Thus, Lil Flip has no rights to the Leprechan Album and is committing copyright infringement.   Additionally, Lil Flip has no rights to transfer to Exotic Pop or any other company. See Exhibit 4. Page 9.

8. Therefore, any allegation by the Applicant  that Wesley Weston owns Suckafree Records, Inc. or owns the rights to The Leprechaun artwork or sound recordings is false.

9. Plaintiff has continuously maintained commercial distribution of The Leprechaun through SoSouth Music Distribution since the album's release in 2000, as shown by the distribution record exhibit 2.

10. Any claim by the Defendants that Wesley Weston owns Suckafree Records, Inc. or owns any rights to The Leprechaun album or artwork is totally false. Exhibit 5 is a cease and desist letter sent to Defendants.  After receiving the Cease and Desist Letter, the plaintiff later learned that the Defendants claimed ownership of  filed trademarks utilizing the copyrighted artwork of the Leprechaun album. Lil Flip is in total violation of his contract.    Thus, this is blatant willful copyright infringement.

11. As will be discussed below.  The Defendants have been utilizing the plaintiff's copyrighted artwork since at least 2019.

## 3.0 STANDARD OF REVIEW

12. Courts in the Fifth Circuit have developed a three-part analysis to determine whether a default judgment should be entered. The Court must consider three questions: (1) if a default judgment is procedurally appropriate; (2) if the Suckafree has presented a colorable claim in its pleadings; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, 2020 U.S. Dist. LEXIS 12649, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020).

## 4.0 SUMMARY OF ISSUES

13. The court must rule on the following issue:

- Whether Suckafree is entitled to an entry of final default judgment against Defendants on its claim of copyright infringement under 17 U.S.C. § 501(a);

- Whether Suckafree is entitled to damages and profits as remedy for Defendant's Copyright infringement under 17 U.S.C. § 504.

- Whether Suckafree is entitled to its reasonable and necessary attorney's fees in bringing its infringement claim under 17 U.S.C. § 505; and

- Whether the movant's claims are supported by well-pleaded allegations and have a sufficient basis in the pleadings. *See Wooten v. McDonald Transit Assocs*., Inc., 788 F.3d 490, 498 (5th Cir. 2015); *see also DISH Network L.L.C. v. Khalid, No*. H-19 4563, 2021 U.S. Dist. LEXIS 39044, at *5 (S.D. Tex. 2021).

## 5.0 ARGUMENTS

**5.1  Suckafree has shown that default judgment is procedurally warranted**.

15. As a matter of longstanding Fifth Circuit law, default judgments are generally disfavored. *See Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the

7

Federal Rules and resorted by courts only in extreme situations."). The Court must consider relevant factors, including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of the default judgment based on the circumstances; and (6) whether the court would think itself obliged   to set aside the default on the [defaulting party's] motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court finds that each of these considerations weigh in favor of default judgment in this case.

16. First, there are no material facts at issue. Intervention Defendant has not filed an answer; consequently, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). This factor weighs in favor of default.

17. Second, there does not seem to be any threat of substantial prejudice to Intervention Defendant. Moreover, Intervention Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C-10-390, 2011 U.S. Dist. LEXIS 114940, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). This factor weighs in favor of default.

18. Third, the grounds for default are well established by Defendant's failure to "plead or otherwise defend" against Suckafree claims, despite being properly served. Fed.

8

R. Civ. Pro. 55(a). Further, none of the typical exceptions to default apply, reflected in the Clerk's entry of default. This factor weighs in favor of default judgment.

19. Fourth, the default cannot be said to be caused by a good faith mistake or excusable neglect. Defendants have been served and have knowledge of the claims. The Defendant willfully chose to This factor weighs in favor of default judgment.

20. Fifth, default judgment is not harsh under the circumstances. Suckafree seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Defendant. *See Lindsey*, 161 F.3d at 893.

21. Sixth the Defendant's lack of response as well as failure to file a defense supports the fact that they will not defend this case. Thus, this factor also weighs in favor of default judgment.

22. All of the *Lindsey* factors weigh in Plaintiff's favor. Thus, Suckafree submits that the default judgment is procedurally warranted.

**5.2  Suckafree has pled substantively meritorious claims**.

23. Next, the Court must determine whether the pleadings provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 U.S. Dist. LEXIS 207825, 2017 WL 6497762, at *2. Due to their default, the Defendants are deemed to have admitted the well-pleaded facts alleged in the Plaintiff's Complaint. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (finding that the well-pleaded factual allegations are assumed to be true, except regarding damages). Nonetheless, the Court must review the pleadings to determine the substantive merits of Suckafre's claims for relief *Nishimatsu Constr. Co.*, 515 F.2d

at 1206. As mentioned, Suckafree claims willful copyright infringement and seeks equitable damages and fees.

24. To prevail on its claim for copyright infringement under 17 U.S.C. § 501, Suckafree must show ownership of a valid copyright, and that the defendants copied the original elements of the work. *Feist Publications, Inc. v. Rural Telephone Service*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). Suckafree has produced the Certificate of Registration of the Leprechaun Album artwork and the sound recordings on the album in Exhibit 5. This is sufficient to establish ownership.

25. The plaintiff proves copying by proving that (1) the defendant had access to the material; and (2) "there is a substantial similarity between the two works." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Lil Flip album artwork is an exact copy except that the Suckafree Records label was removed. Suckafree plead that Lil Flip Album was in use since 2000 and supports that by providing distribution contract in Exhibit 4.

26. The plaintiff plead that the defendants continue to distribute and sell an exact replica as shown of the Artwork of the Leprechaun Album as provided in Exhibit 8 and 9. Exhibit 8 shows the infringing Artwork on Soda and Cereal Box. Exhibit 9 shows Lil Flip Advertising the Exotic Pop products that have the infringing Artwork.

27. Defendants have no valid defense. Exhibit 7 shows Lil Flip publishing an article claiming ownership of the Leprechaun, contrary to his contract with Suckafree.

Thus, this is blatant and willful copyright infringement supports entry of Default Judgment.

**5.3 Damages**

**28.** Suckafree  requests relief in the form of actual damages, profits of the defendant and attorney's fees.

***5.3.1.  Damages***

29. Suckafree   is seeking actual damages, profits, and attorney fees. damages as outlined in 17 U.S.C. § 504. A copyright owner may elect to recover statutory damages, rather than actual damages, for all infringements "with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). A finding of willful infringement may "increase the award of statutory damages to a sum or not more than $150,000." 17 U.S.C. § 504(c)(2). However, the copyright was registered in 2013 for sound recordings and 2024 for the artwork.  Thus, plaintiff seeks actual damages, profits, and attorney fees as damage.

30. Suckafree  requests an award of $3 million based upon the following. As shown in Exhibit 7 Exotic Pop has stores throughout the United States. As shown in Exhibit 7, Exotic Pop made $6 million in profits in 2021.  Assuming 5 years of continuing copyright infringement, the estimate would be $30 Million in profits.   The defendant, Exotic Pop, has a bottling contract with Pepsi which would not have occurred unless defendant made substantial profits.  Thus, the plaintiff requests 3 million which is only 10 percent of the estimated documented profits.

31. Suckafree contends that an award towards the maximum statutory limit is warranted because the Exotic Pop has willfully infringed on the copyright, failed to participate in the case, and would deter similar conduct in the future. Thus, under the circumstances 3 Million is a reasonable fee.

### *5.3.2 Attorney's Fees and Costs*

32. The Copyright Act allows the Court, in its discretion, to award reasonable attorney's fee to the prevailing party. 15 U.S.C. § 505. The determination of a reasonable attorney's fee is a matter of discretion with the Court. *Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014). Courts in this District use the "lodestar method," which is a two-step process. The Court first calculates the lodestar amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rate. In the second step, the Court considers whether to adjust the lodestar amount based upon the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). There is a strong presumption that the lodestar amount is reasonable. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

33. The *Johnson* factors are important for the Court's consideration, but no factor is dispositive. *Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 U.S. App. LEXIS 12486, 2024 WL 2369415, at *1 (5th Cir. May 23, 2024). The reasonableness of attorney's fees is considered in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee,

12

(6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results  obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

34. Suckafree  seeks  in attorney's fees. According to its supporting affidavit, Delphine James, Suckafree 's lead counsel, charged a rate of $400 per hour, which is a reasonable fee.

35. Next, the Court must determine whether the hours claimed were "reasonably expended" on the litigation. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (per curiam). The plaintiff bears the burden of establishing the reasonableness of the number of hours expended on the litigation and must present adequately documented time records to the court. *See Homer v. Homer*, No. Civ. A. 4:21-CV-02789, 2022 U.S. Dist. LEXIS 167398, 2022 WL 4290465 at *5 (S.D. Tex. 2022). Parties submitting fee requests are also required to exercise "billing judgment," which "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. United States HUD*, 99 F.3d 761, 769 (5th Cir. 1996).

36. The plaintiff had prior counsel with an estimated total of hours billed of 10 hours in this case.  Delphine James total of hours billed in this case is 10. The total number of hours billed in this case is 20. Thus, the total number of hours spent on this case is 20.

37. The second step requires the Court consider whether to adjust the lodestar amount. The Fifth Circuit has reasoned that "the most critical factor in the analysis is the 'degree of success obtained.' *Jason D. W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The Fifth Circuit has also determined that the award of fees to the prevailing party in a copyright action is the rule rather than the exception. *McGaughey v. 20th Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994). Nevertheless, the Court may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, 114 S. Ct. 1023, 127 L. Ed. 2d 455 & n. 19 (1994)).

38. Because Suckafree was successful in its copyright infringement claim, the plaintiff is entitled to its attorney fees and costs. The Plaintiff Requests a total fee of $8000 attorney fees and $702 in costs.

## 6.0 CONCLUSION

Thus, the Suckafree requests that the court grant plaintiff's Motion for Default Judgment. Further, the plaintiff requests the following:

- Enjoin defendants from using the Leprechaun Artwork and Sound Recording

- Find that the defendants infringed plaintiff's copyrights.

- Award Damages in the amount of 3 million in profits

- Award Damages for Willful infringement in an equitable amount determined by the court.

14

Respectfully submitted:
__/s/Delphine James/s/_____
Delphine M. James
Texas Bar Number 24010129
dmjamesjd@aol.com
Delphine M. James, Attorney At Law
2616 South Loop West Suite 415
Houston, TX  77054
(713)-661-4144
(Fax) 713-661-4145

## CERTIFICATE OF SERVICE

Suckafree Records certifies that on 02/03/2026 a true and correct copy of the forgoing document is being transmitted by Federal Express and/or Postal Mail to the Registered Agent to the Address below..

/s/ Delphine James
Delphine M. James


**Exotic Pop Almeda, LLC, Registered Agent, Charleston Wilson**
**5410 Almeda Road**
**Houston, TX**